FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 19, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

WILLIAM P.,[1]

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

No. 1:26-cv-3078-EFS

**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR MORE PROCEEDINGS**

Plaintiff William P. and the Commissioner of Social Security agree the Administrative Law Judge (ALJ) erred in her non-disability determination analysis. But the parties disagree as to whether this

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

matter should be remanded for further proceedings or for an award of benefits. Because further administrative proceedings will serve a useful purpose and this record does not establish disability, this matter is remanded for further proceedings.

## I. Background

Plaintiff filed for child disability insurance benefits and supplemental security income disability benefits in July 2022, with an alleged onset of June 20, 1999, at the age of 21.[2] ALJ Paula Martin held an administrative hearing, after which she denied Plaintiff's disability claims.[3]

In reaching a non-disability decision, the ALJ discounted Plaintiff's alleged symptom reports, discounted the symptom reports

---

[2] Administrative Record (AR) 19, 215.

[3] AR 14–49. Per 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g), a five-step evaluation determines whether a claimant is disabled. *See also* 20 C.F.R. § 404.350(a)(5) (specifying that to qualify for disabled child insurance benefits the claimant's disability must begin before attaining age 22).

from Plaintiff's adoptive mother, and evaluated most, but not all, of the medical opinions.[4] As to the sequential disability analysis, the ALJ found:

- Step one: Plaintiff had not engaged in substantial gainful activity since June 20, 1999, the alleged onset date.
- Step two: Plaintiff had the medically determinable severe impairments of borderline intellectual functioning, bipolar disorder, and attention-deficit hyperactivity disorder.
- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.
- RFC: Plaintiff had the ability to perform a full range of work with the following nonexertional limitations:

> he can understand, remember and carry out simple instructions. He can deal with occasional changes in a routine work setting. He can use judgment to make simple work related decisions. He cannot perform work requiring a specific production rate (such as assembly line work). He is able to tolerate frequent contact with supervisors, occasional contact with co-workers, and the general public.

[4] AR 22–28.

- Step four: Plaintiff had no past relevant work.
- Step five: considering Plaintiff's RFC, age, limited education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as housekeeping cleaner, retail trader marker, window cleaner, and wall cleaner.[5]

Plaintiff timely requested review of the ALJ's decision by the Appeals Council, which denied review.[6] Plaintiff now appeals to district court.[7]

## II. Standard of Review

When considering the ALJ's findings, the court is constrained to the reasons and supporting explanation offered by the ALJ.[8] Thus, the

---

[5] AR 17–30.

[6] AR 1–6.

[7] ECF No. 1.

[8] *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

ALJ must articulate her findings and cite such supporting evidence to permit the court to meaningfully review the ALJ's findings.[9]

The ALJ's decision is reversed "only if it is not supported by substantial evidence or is based on legal error"[10] and such error impacted the nondisability determination.[11] Substantial evidence is

---

[9] *See Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996); *Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988) (requiring the ALJ to identify the evidence supporting the found conflict to permit the court to meaningfully review the ALJ's finding); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings.").

[10] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g).

[11] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may

"more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12]

## III. Analysis

Plaintiff argues the ALJ reversibly erred by not providing valid reasons to discount his allegations, by not properly assessing the medical opinions, and by not properly assessing the lay testimony.

---

not reverse an ALJ decision due to a harmless error—one that "is inconsequential to the ultimate nondisability determination").

[12] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion," not simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does not indicate that such evidence was not considered[.]").

Plaintiff contends no further proceedings are necessary and that the Court should remand for an award of benefits.

In response, the Commissioner concedes the ALJ reversibly erred when evaluating the medical opinions. The Commissioner, however, asserts this case should be remanded for further proceedings, arguing disability is not clearly established and that the ALJ must reevaluate the medical opinions, offer Plaintiff the opportunity for a new hearing, make a new RFC finding, and issue a new decision.

The only issue on appeal, therefore, is whether this case should be remanded for further proceedings or for an award of benefits. When a harmful error occurs in the administrative proceeding, remand for further administrative proceedings is the usual course.[13] However, the court may remand for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required

---

[13] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

to find the claimant disabled on remand . . . .[14]

When these three elements are satisfied, the decision whether to remand for benefits or further proceedings is within the court's discretion, as it "is a fact-bound determination that arises in an infinite variety of contexts."[15]

Here, further proceedings will be useful and this record does not clearly establish disability. Although school documents reflect that Plaintiff's difficulties with focus and irritability have been longstanding, the medical opinions differ as to the severity of Plaintiff's non-exertional limitations in the workplace. On the current record, which contains an Intellectual Assessment performed by Pamela Miller, PhD, in 2019, and a consultative Psychological/Psychiatric Evaluation by David Morgan, PhD, in 2022, which was reviewed by Luci Carstens, PhD, PS, soon thereafter, along with two reviewing opinions from 2022 and 2023, respectively, the Court is unable to clearly ascertain whether Plaintiff's non-exertional limitations prevent

---

[14] *Ortiz v. Bisignano*, 179 F.4th 691, 706 (9th Cir. 2026).

[15] *Treichler*, 775 F.3d at 1100 (citation modified).

him from sustaining fulltime work. Given that a bulk of the mental-health notes are from the period after these opinions were issued, the Court finds remand for more proceedings, including ordering an updated consultative psychological examination, is necessary.

On remand, the psychological examiner is to be provided, at a minimum, with: (1) the Educational Service District's Evaluation Summary and Individualized Education Program documents; (2) the report from Pamela Miller, PhD; (3) the report from David Morgan, PhD; (4) the opinion from Lucy Carstens, PhD, PS; and (5) a sampling of the mental-health treatment notes, including from assessments and therapy sessions since the alleged onset date.[16] This updated

---

[16] 20 C.F.R. §§ 404.1517, 416.917 (It is the Social Security Administration's (SSA) responsibility to "give the examiner any necessary background information about [the claimant's] condition."). *See also* Program Operations Manual System DI 22510.017(B) (directing SSA employees to provide consultative examiners with "longitudinal information relevant to the reason for the examination

psychological examination (and review of listed records, at a minimum) will help provide both the examiner and the ALJ with a longitudinal perspective of Plaintiff's impairments and resulting limitations, which consistent with the nature of bipolar disorder, wax and wane.

During the new disability evaluation, the ALJ must meaningfully articulate the supportability and consistency of each medical opinion. And if the ALJ discounts Plaintiff's reported symptom(s), the ALJ must articulate clear and convincing reasons for doing so, including identifying what symptoms are being discounted and the evidence supporting the ALJ's finding.[17] General findings are insufficient because the Court cannot affirm discounting Plaintiff's symptoms for a reason not articulated by the ALJ.[18] The ALJ must be mindful not to "chastise one with a mental impairment for the exercise of poor

---

requested. Longitudinal evidence is particularly critical for cases involving mental impairments.").

[17] *See* 20 C.F.R. §§ 404.1520c(a)–(c), 416.920c(a)–(c); *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

[18] *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

judgment in seeking rehabilitation,”[19] and if discounting Plaintiff's reported symptoms on the basis of Plaintiff's activities, the ALJ must consider the nature of the activities and whether such are inconsistent with sustaining fulltime work or Plaintiff's reported symptoms.[20] Also

---

[19] *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1209–1300 (9th Cir. 1999). *See also Diedrich v. Berryhill*, 874 F.3d 634, 641 (9th Cir. 2017) (noting that courts do “not necessarily expect” someone who is not a mental-health professional to document observations about the claimant's mental-health symptoms).

[20] *See Diedrich*, 874 F.3d at 643 (recognizing that the fact the claimant “could participate in some daily activities does not contradict the evidence of otherwise severe problems that she encountered in her daily life during the relevant period”); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (The Ninth Circuit has “repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability.”).

on remand, if the ALJ discounts a lay statement, the ALJ must provide germane reasons for doing so.[21]

Finally, when crafting the RFC, the ALJ must clearly articulate Plaintiff's social-interaction abilities. Given the ALJ's posed hypothetical to the vocational expert, the Court understands that the ALJ deemed Plaintiff limited in interacting with the general public.[22] However, the RFC as written—given comma placement and placement of "and"—appeared to find that Plaintiff was able to "tolerate" "the general public": "He is able to tolerate [1] frequent contact with supervisors, [2] occasional contact with co-workers, and [3] the general public."[23]

## IV. Conclusion

The ALJ consequentially erred. Further proceedings, including a consultative psychological examination, are needed before a

---

[21] *See Fain v. Bisignano*, --- F.4th ----, 2026 WL 2795427, at *5–6 (9th Cir. Sept. 18, 2026).

[22] AR 44.

[23] AR 21.

determination as to Plaintiff's disability-status can be made. The ALJ is to develop the record and reevaluate—with meaningful articulation and evidentiary support—the sequential process.

Accordingly, **IT IS HEREBY ORDERED**:

1. The ALJ's nondisability decision is **REVERSED, and this matter is REMANDED to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g)**.

2. The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 11 and 13**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

IT IS SO ORDERED. The Clerk's Office is directed to file this order and provide copies to all counsel.

DATED this 19th day of October 2026.

*Edward F. Shea*

EDWARD F. SHEA
Senior United States District Judge